**William R. SAMPSELL et al.,**
**Appellants,**

v.

**The BALTIMORE AND OHIO RAIL-**
**ROAD COMPANY, a body corporate,**
**Brotherhood of Railroad Trainmen, an**
**unincorporated association, General**
**Grievance Committee, Brotherhood of**
**Railroad Trainmen, Baltimore and Ohio**
**Railroad System, an unincorporated as-**
**sociation, Appellees.**

**No. 7222.**

United States Court of Appeals
Fourth Circuit.

Argued June 22, 1956.

Decided July 13, 1956.

I. Duke Avnet, Baltimore, Md. (Avnet & Avnet, Baltimore, Md., and Harold Naughton, Cumberland, Md., on brief), for appellants.

S. R. Prince, Jr., Baltimore, Md. (Charles C. Rettberg, Jr., and E. H. Burgess, Baltimore, Md., on brief) for appellee, The Baltimore and Ohio Railroad Co.

Bernard M. Savage, Baltimore, Md. (Wayland K. Sullivan, Cleveland, Ohio,

**570**

on brief), for appellees, Brotherhood of Railroad Trainmen and General Grievance Committee, Brotherhood of Railroad Trainmen, Baltimore and Ohio Railroad System.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and TIMMERMAN, District Judge.

PER CURIAM.

This is an appeal from an order denying an injunction and dismissing for lack of jurisdiction an action brought by railroad employees against the Baltimore & Ohio Railroad Company and a railroad brotherhood with which it had entered into a union shop agreement pursuant to the 1951 amendment to the Railway Labor Act. 45 U.S.C.A. § 152, Eleventh. Appellants had joined the United Railroad Operating Crafts (UROC), a rival union, and had been dropped from membership in the brotherhood for nonpayment of dues, and the brotherhood had demanded their discharge by the railroad. Appeal to railroad officials, pursuant to the collective bargaining agreement, had not resulted in a ruling which would prevent this; and, without appealing to the National Railroad Adjustment Board, they brought this action in the court below to enjoin such action. The trial judge, while expressing an opinion adverse to appellants on the merits, dismissed the case for lack of jurisdiction on the ground that administrative remedies had not been exhausted. We think that this was unquestionably correct. The case cannot be distinguished from Alabaugh v. Baltimore & Ohio Railroad Co., 4 Cir., 222 F.2d 861, where we fully discussed the controlling principles and authorities, and nothing need be added to what was there said. The distinctions which appellants seek to draw are without substance and were sufficiently answered by what was said by the trial judge in his memorandum opinion.

Affirmed.